**NICHOLS-WILLIAMS ZINC CO. v. SEWELL.**

No. 11369—Opinion Filed Oct. 30, 1923.

Rehearing Denied Dec. 26, 1923.

1. **Trial — Waiver of Error—Instructions —Suit on Contract—Recovery on Quantum Meruit or Quantum Valebat.**

Where plaintiff sued on a contract to recover compensation for certain drilling done on a mining leasehold, and where defendant requested the court to instruct the jury that plaintiff was entitled to recover only the reasonable value of the use of the hole or holes drilled, and the court's instruction substantially stated this contention, and no exception is saved, held, that a recovery on said theory must be sustained, although the recovery was not based on the contract price, for the reason that the defendant invited the court to submit this theory to the jury.

2. **Sufficiency of Evidence.**

Held, further, record examined, and the evidence is sufficient to sustain the verdict.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by the Sewell Well Company against the Nichols-Williams Zinc Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. C. Wallace, for plaintiff in error.

F. W. Church, for defendant in error.

Opinion by LYONS, C. The Sewell Well Company, James R. Sewell proprietor, as plaintiff, sued the Nichols-Williams Zinc Company, a corporation, as defendant, in the court below to recover the contract price due for certain drilling done by the plaintiff on defendant's lease. Plaintiff further claims in his petition an indebtedness against the defendant in the sum of $124 for a drill stem and bit, $72 for 16 feet of casing, $16.50 for a lumber platform, making a total of $212.50, less a credit of $40. Plaintiff claimed that the sum of $2,692.50 was due and the jury brought in a verdict for the sum of $1,527.50. Judgment was rendered on the verdict. A motion for new trial was overruled, and this appeal is brought to reverse the judgment.

In this opinion the parties will be referred to as in the court below. The defendant (in the court below) alleges that the court erred in reopening the case after both sides had announced the closing of their respective cases. This was in the dis-

cretion of the court, and no abuse of discretion appears.

The defendant further alleges error in the giving of instructions numbered four, five, seven, and eight, and in the failure of the court to give certain instructions asked by the defendant. It appears from the record in this cause that the plaintiff had made a contract to drill a large hole to put in a Pomona pump. The plaintiff drilled one hole 233 feet deep which could not be used for that purpose, but was used by the defendant for another purpose. He then moved his drill and put down another hole to a depth of 309 feet, at which point, according to plaintiff's theory, he was prevented by defendant from drilling deeper, and was also at the time of completion of such drilling advised by defendant that the hole would not be accepted unless plaintiff would guarantee the working of the Pomona pump as a condition precedent to paying him for such hole when completed. It appears that there is conflicting testimony on the question of whether such requirement or condition was a part of the original contract. The court in instructions numbered four and five fairly submitted this contention and the theory of both parties thereon to the jury.

It is evident that the jury allowed compensation for only one of said holes, together with the indebtedness due for material and interest thereon. It seems to us that the verdict was justified under instruction No. 6 (page 65 of the case-made), to which no exception was taken. This instruction reads as follows:

"You are instructed that under the evidence in this case, the plaintiff under no circumstances would be entitled to recover the contract price for the drilling of the first hole drilled; but if you believe from the fair weight and preponderance of the evidence in the case that after the same was drilled that, it being insufficient for the purpose for which it was drilled, the defendant prevented the plaintiff from plugging it and thereafter made use of it for another purpose in connection with the operation of its mine. that then and in that event. the plaintiff would be entitled to recover for the reasonable value of the drill hole to the defendant for the purpose for which it was made use of by the defendant."

It is true that this instruction authorizes a recovery under the quantum valebat or quantum meruit rather than under the contract price. This was not error.

The defendant requested the following instruction:

"You are instructed that the most the plaintiff is entitled to recover in this case is the reasonable value of the use of the hole or holes, drilled to the defendant, provided that you find the defendant used said holes."

We are therefore not called upon to consider any error alleged as to the proper measure of recovery, since the defendant waived any objection on that point by requesting the court to give the foregoing instruction.

There is evidence to support the verdict and there is no error in the instructions of the court. The case is therefore affirmed.

By the Court: It is so ordered.